United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE GRAPHICS PROCESSING UNITS
ANTITRUST LITIGATION

_____/

This Order Relates To:

ALL ACTIONS

_____/

No. C 06-07417 WHA

MDL No. 1826

**PRETRIAL ORDER No. 1**

The Judicial Panel on Multidistrict Litigation has transferred certain antitrust actions

relating to the sale of graphics processing units to this Court for consolidated pretrial

proceedings.  As the number and complexity of these actions warrant holding a single,

coordinated initial case management conference for all action in *In Re Graphics Processing*

*Units Antitrust Litigation*, MDL No. 1826, the Court orders as follows:

      **1.**      **Applicability of Order**.  Prior to the initial pretrial conference and entry of a

comprehensive order governing all further proceedings in this action, the provisions of this

order shall govern the practice and procedure in those actions that were transferred to this Court

by the Panel.  This order also applies to all related cases filed in all divisions of the Northern

District of California and all "tag-along actions" later filed in, removed to, or transferred to this

Court.

      **2.**      **Consolidation**.  The civil actions transferred to this Court or related to the

actions already pending before this Court are consolidated for pretrial purposes.  Any "tag-

United States District Court

For the Northern District of California

1    along actions" later filed in, removed to, or transferred to this Court, or directly filed in the

2    Northern District of California, will automatically be consolidated with this action without the

3    necessity of future motions or orders. This consolidation does not constitute a determination

4    that the actions should be consolidated for trial, nor does it have the effect of making any entity

5    a party to any action in which he, she or it has not been named, served or added in accordance

6    with the Federal Rules of Civil Procedure.

7    **3.    Date of Initial Conference and Agenda for Conference**. Matters relating to

8    pretrial and discovery proceedings in these cases will be addressed at an initial pretrial

9    conference to be held on **THURSDAY, MAY 24, 2007, AT 11:00 A.M.** before Judge William Alsup

10   in Courtroom 9, 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San

11   Francisco, California. Counsel are expected to familiarize themselves with the *Manual for*

12   *Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest

13   procedures that will facilitate the expeditious, economical, and just resolution of this litigation.

14   The items listed in MCL 4th Sections 30.1, 30.2, 30.3, and 30.4 shall, to the extent applicable,

15   constitute a tentative agenda for the conference. Special emphasis should be placed on

16   measures to be taken to expedite the transfer of any matters filed outside of this District to this

17   Court. Counsel shall confer and seek consensus to the extent possible with respect to the items

18   on the agenda, including a proposed discovery plan, amendment of pleadings, and consideration

19   of any class action allegations and motions. If the parties have any suggestions as to any case

20   management orders or additional agenda items, these suggestions should be filed with the Court

21   no later than **MAY 17, 2007.** In this regard, be aware that the Court tentatively believes that all

22   discovery and motion practice can and should be finished in twelve to fourteen months.

23   **4.    Position Statement**. Plaintiffs and defendants should submit to the Court no

24   later than **MAY 17, 2007**, a brief written statement indicating their preliminary understanding of

25   the facts involved in this litigation and the critical factual and legal issues. These statements

26   will not be binding, will not waive claims or defenses, and may not be offered into evidence

27   against a party in later proceedings. Parties' statements shall identify all cases that have been

28   transferred to or related before this Court, and shall identify all pending motions in those cases.

United States District Court

For the Northern District of California

1  The statement shall also list all related cases pending (that have not already been transferred to

2  this Court), together with their current status, including any discovery taken to date, to the

3  extent known.  Parties shall be limited to one such submission for all plaintiffs and one such

4  submission for all defendants.

5      **5.    Initial Conference Appearances**.  Each party represented by counsel shall

6  appear at the initial pretrial conference through the party's attorney who will have primary

7  responsibility for the party's interest in this litigation.  Parties not represented by counsel may

8  appear in person or through an authorized responsible agent.

9      **6.    Service**.  Prior to the initial pretrial conference, service of all papers shall be

10  made on each of the attorneys on the Panel Attorney Service List attached to this order.  Any

11  attorney who wishes to have his or her name added to or deleted from such Panel Attorney

12  Service List may do so on request to the Clerk and notice to all other persons on such service

13  list.  Parties shall present to the Court at the initial conference a service list of attorneys and

14  their office addresses and email addresses.  After the initial conference, service shall be by e-

15  filing, as is explained in paragraph 9.

16      **7.    Response Extension and Stay**.  Defendants are granted an extension of time for

17  responding by motion or answer to the complaint(s) until a date to be set by this Court.  Pending

18  the initial conference and further orders of this Court, all outstanding discovery proceedings are

19  stayed, and no further discovery shall be initiated.  Moreover, all pending motions must be

20  renoticed on a motion day or days after the initial case management conference.

21      **8.    Master Docket File**.  The Clerk of the Court will maintain a master docket case

22  file under the style "In Re Graphics Processing Units Antitrust Litigation" and the identification

23  "MDL No. 1826."  When a pleading is intended to apply to all actions, this shall be indicated by

24  the words: "This Document Relates to All Actions."  When a pleading is intended to apply to

25  fewer than all cases, this Court's docket number for each individual case to which the document

26  number relates shall appear immediately after the words "This Document Relates to."

27      **9.    Filing**.  This case is subject to Electronic Case Filing ("ECF"), pursuant to

28  General Order 45, Section VI of which requires that all documents in such a case be filed

United States District Court

For the Northern District of California

1    electronically.  General Order 45 provides at Section IV (A) that "Each attorney of record is

2    obligated to become an ECF User and be assigned a user ID and password for access to the

3    system upon designation of the action as being subject to ECF."  If he or she has not already

4    done so, counsel shall register forthwith as an ECF User and be issued an ECF User ID and

5    password.  Forms and instructions can be found on the Court's web site at

6    ecf.cand.uscourts.gov.

7    　　　　All documents shall be e-filed in the master file, 07-1826.  Documents that pertain to

8    one or only some of the pending actions shall *also* be e-filed in the individual case or cases to

9    which the documents pertain.

10   　　　　**10.**　　　**Docketing New Cases**.  When an action that properly belongs as part of *In Re*

11   *Graphics Processing Units Antitrust Litigation* is filed after the date of this order in the

12   Northern District of California or transferred here from another court, the Clerk of the Court

13   shall:

14   　　　　a.　　　File a copy of this order in the separate file for such action;

15   　　　　b.　　　Make an appropriate entry on the master docket sheet;

16   　　　　c.　　　Mail to the attorneys for the plaintiff in the newly-filed or transferred case a copy

17   　　　　　　　　of this order;

18   　　　　d.　　　Upon the first appearance of any new defendants, mail to the attorneys for the

19   　　　　　　　　defendant in such newly-filed or transferred cases a copy of this order;

20   　　　　**11.**　　　**Appearances**.  Counsel who appeared in a transferor court prior to transfer need

21   not enter an additional appearance before this Court.  Moreover, attorneys admitted to practice

22   and in good standing in any United States District Court are automatically admitted *pro hac*

23   *vice* in this litigation, and the requirements of the Northern District of California Local Rule 11-

24   3 are waived.  Association of local counsel is not required.

25   　　　　**12.**　　　**Preservation of Evidence**.  All parties and their counsel are reminded of their

26   duty to preserve evidence that may be relevant to this action.  The duty extends to documents,

27   data, and tangible things in the possession, custody and control of the parties to this action, and

28   any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials

4

United States District Court

For the Northern District of California

reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" shall be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, email, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, diagrams, graphic presentations, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. *Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties.*

**13.     Liaison Counsel**. Prior to the initial conference, counsel for the plaintiffs and counsel for the defendants shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of liaison counsel for each group who will be charged with essentially administrative matters. For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 5.2(e) of the Panel's *Rules of*

United States District Court

For the Northern District of California

1  *Procedure* or from the transferee court on behalf of all parties within their liaison group and

2  shall be responsible for the preparation and transmittal of copies of such orders and notices to

3  the parties in their liaison group. The expenses incurred in performing the services of liaison

4  counsel shall be shared equally by all members of the liaison group in a manner agreeable to the

5  parties or set by the Court failing such agreement. Appointment of liaison counsel shall be

6  subject to the approval of the Court. At the first conference liaison counsel and/or the parties

7  should be prepared to discuss any additional needs for an organizational structure or any

8  additional matters consistent with the efficient handling of this matter.

9      **14.    Communication with the Court.** Unless otherwise ordered by this Court, all

10  substantive communications with the Court shall be in writing and e-filed. The Court

11  recognizes that cooperation by and among plaintiffs' counsel and by and among defendants'

12  counsel is essential for the orderly and expeditious resolution of this litigation. The

13  communication of information among and between plaintiffs' counsel and among and between

14  defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the

15  protection afforded attorney work product, and cooperative efforts contemplated above shall in

16  no way be used against any plaintiff by any defendant or against any defendant by any plaintiff.

17  Nothing contained in this provision shall be construct to limit the rights of any party or counsel

18  to assert the attorney-client privilege or attorney work-product doctrine.

19

20      **IT IS SO ORDERED.**

21

22  Dated:  April 30, 2007.

23  WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

24

25

26

27

28